IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONYA ROSE PROSSER,            )
                               )
      Plaintiff,               )
                               )
 -vs-                          )    Civil Action No. 15-182
                               )
CAROLYN W. COLVIN,             )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
      Defendant.               )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since May 19, 2011. (ECF No. 7-5, pp. 2, 12, 20). Administrative Law Judge ("ALJ"), David F. Cusick, held a hearing on March 26, 2014. (ECF No. 7-2, pp. 43-97). On April 10, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 27-37).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **<u>Medical Evidence</u>**

Plaintiff argues that that the ALJ erred in assessing certain medical evidence in this case. (ECF No. 10, pp. 10-15). Specifically, Plaintiff first argues that the ALJ erred in giving weight to the treatment notes of Dr. El Kadi, an examining neurosurgeon, dated June 23, 2011. *Id.* at p. 10-11. Plaintiff suggests that no weight should be given to his notes that he believes there are some elements of exaggeration of Plaintiff's pain "because it lacks support of objective medical testing." *Id.*, at p. 11; *see also,* ECF No. 7-8, p. 6. To be clear, Dr. El Kadi did not offer opinion evidence in the case, so the ALJ did not state that he gave it any particular weight. *See,* ECF No. 7-2, pp. 31-35. Rather, Dr. El Kadi examined Plaintiff in June of 2011 and the ALJ noted Dr. El Kadi reported that Plaintiff's "complaints of pain were disproportionate to the imaging studies and his clinical examination, and indicative of exaggeration." (ECF No. 7-2, p. 32). After a review of the record, I find nothing improper with the ALJ's summary of Dr. El Kadi's treatment notes. (ECF No. 7-8, pp. 4-6). Additionally, contrary to Plaintiff's assertion otherwise, on July 25, 2011, Dr. El Kadi, re-evaluated Plaintiff in his clinic, reviewed the MRI of Plaintiff and found she was not a candidate for surgery. (ECF No. 7-8, p. 12). The ALJ simply

noted the same. (ECF No. 7-2, p. 32). This was also a proper summary of Dr. El Kadi's treatment notes of July 25, 2011. (ECF No. 7-8, p. 12). I find this evidence was appropriately considered by the ALJ. Similarly, I find no inappropriate summary of the treatment records of Dr. Loesch, a treating neurosurgeon. (ECF No. 7-2, pp. 32-33). Thus, I find no error in this regard.

Next, Plaintiff argues that the ALJ erred in giving great weight to the opinion of Dr. Kar, the state agency medical consultant, while giving only little weight to Dr. Spahn, Plaintiff's primary care physician. (ECF No. 10, pp. 13-15). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§404.1527; 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §§404.1527(c)(2); 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §§404.1527(c)(4); 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where .

4

> . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were conflicting medical opinions. (ECF No. 7-2, pp. 33-35). The ALJ gave Dr. Spahn's opinion little weight because he found it was inconsistent with the medical evidence of record, internally inconsistent with his own records, and relied on Plaintiff's subjective complaints rather than objective findings. (ECF No. 7-2, p. 34). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Spahn. *See,* ECF No. 7-2, pp. 27-35. Consequently, I find no error in this regard.

In contrast, the ALJ gave great weight to the opinion of Dr. Kar. (ECF No. 7-2, p. 34). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Kar's opinion great weight because it was consistent with the medical evidence of record. (ECF No. 7-2, p. 34). This is a valid and acceptable reason. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained such that I am able to make a

meaningful review and supported by substantial evidence of record.[1] (ECF No. 7-2, pp. 31-35). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[1] I note that Plaintiff seems to suggest throughout her brief that there is evidence to support her position that she is precluded from maintaining employment at any exertional level. (ECF No. 10). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONYA ROSE PROSSER,               )
                                  )
    Plaintiff,                    )
                                  )
-vs-                              )   Civil Action No. 15-182
                                  )
CAROLYN W. COLVIN,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
    Defendant.                    )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 8th day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                                  BY THE COURT:

                                                  s/ Donetta W. Ambrose
                                                    Donetta W. Ambrose
                                                    United States Senior District Judge